<div style="float:left">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAUGHAN MOORE, | No. C-06-4813 MMC |
|     Plaintiff, | **ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
|   v. | |
| EDWIN WILSON, et al., | (Docket No. 4) |
|     Defendants. | |

     The Court is in receipt of plaintiff's request for appointment of counsel. Because plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, there is no right to appointment of counsel in this case, see Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981), nor are funds available to compensate appointed counsel. Nonetheless, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. § 1915(e)(1). Such a request for counsel "is granted only in exceptional circumstances." See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation and citation omitted). A finding of such "exceptional circumstances" requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." See id.

     Here, at this early stage of the litigation, the Court cannot determine the likelihood that plaintiff will prevail on the merits of her claims. Moreover, although plaintiff raises

relatively complex issues in her complaint, she has been able to articulate them adequately without the assistance of counsel.

Accordingly, plaintiff's request is DENIED without prejudice.

This order terminates Docket No. 4.

**IT IS SO ORDERED.**

Dated: August 24, 2006

MAXINE M. CHESNEY
United States District Judge