IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAUGHAN MOORE, | No. C-06-4813 MMC |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| EDWIN WILSON, et al., | (Docket No. 10) |
| Defendants. / | |

Before the Court is the motion filed August 24, 2006 by defendants Edwin J. Wilson, Steve Navarro, S&S Trucking, and S.N. Sands Corporation to dismiss the instant action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No opposition has been filed. Having considered the papers filed in support of the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the September 29, 2006 hearing, and rules as follows.

As defendants correctly observe, the instant action is barred by the doctrine of res judicata. The instant action was filed August 9, 2006. A prior action, Moore v. Wilson, C-06-1996 WHA, in which plaintiff asserted the same causes of action against the same defendants, was dismissed by the Honorable William H. Alsup on June 30, 2006 "for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (See Motion to Dismiss Ex. A at 1; see also id. Ex. C (Amended Complaint in Case No. C-06-1996)). "Unless the court in its order for dismissal otherwise specifies," a dismissal pursuant to

Rule 41(b) "operates as an adjudication upon the merits." See Fed. R. Civ. P. 41(b). Nothing in Judge Alsup's order indicates the dismissal was not to operate other than as an adjudication upon the merits.

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation omitted). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." Id. (internal quotation and citation omitted). Here, plaintiff asserts the same claims against the same parties in both the instant action and in the prior action. The dismissal of the prior action pursuant to Rule 41(b) is a final judgment on the merits for purposes of res judicata. See id. at 713. Accordingly, the instant action is barred under the doctrine of res judicata, and the Court will grant defendants' motion to dismiss the claims asserted against them.

Although two additional defendants, Frank DeBenedetto and Ben Lusk, have not moved to dismiss, the analysis set forth above applies equally to the claims asserted against them. The Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." See Silverton v. Department of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).

Accordingly, defendants' motion to dismiss is hereby GRANTED, and the instant action, in its entirety, is DISMISSED with prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2006

_MAXINE M. CHESNEY_
United States District Judge